01
02
03
04          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
05                    AT SEATTLE

06  JAMES A. BATTLE, Jr.,              )   CASE NO. C05-1541-JLR-MAT
                                       )
07         Petitioner,                 )
                                       )
08         v.                          )
                                       )   REPORT AND RECOMMENDATION
09  KENNETH QUINN, Superintendent, et al., )
                                       )
10         Respondents.                )
    _____)

11

12              INTRODUCTION AND SUMMARY CONCLUSION

13      Petitioner James A. Battle, Jr., proceeding *pro se* in this 28 U.S.C. § 2254 action,

14  challenges his 2002 conviction by guilty plea to criminal solicitation. (Dkt. 8.) Respondent

15  submitted an answer, arguing that petitioner's § 2254 motion should be dismissed with prejudice.

16  (Dkt. 17.) Petitioner did not submit a reply to respondent's answer. Having reviewed the record

17  in its entirety, including the state court record, the Court recommends that the petition be

18  dismissed without prejudice.

19      "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

20  the judgment of a State court shall not be granted unless it appears that . . . the applicant has

21  exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To

22  exhaust state remedies, a petitioner must present each of his claims to the state's highest court.

REPORT AND RECOMMENDATION
PAGE -1

01 *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993).

02 A petitioner must "alert the state courts to the fact that he was asserting a claim under the United

03 States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v.*

04 *Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of state and federal

05 error is insufficient to establish exhaustion." *Id.* (citing *Duncan*, 513 U.S. at 366). "Moreover,

06 general appeals to broad constitutional principles, such as due process, equal protection, and the

07 right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518

08 U.S. 152, 162-63 (1996)).

09 Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and

10 sentence in a criminal case may be filed more than a year after the judgment becomes final.

11 Additionally, if the state court expressly declined to consider the merits of a claim based on an

12 independent and adequate state procedural rule, or if an unexhausted claim would now be barred

13 from consideration by the state court based on such a rule, a petitioner must demonstrate a

14 fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented

15 compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit. *See Coleman v.*

16 *Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

17 In this case, petitioner filed a personal restraint petition in the Washington Court of

18 Appeals in 2005. (Dkt. 19, Ex. 3.) He raised the same claims in that petition as he does in this

19 Court, challenging: (1) his eligibility for a good time sentence reduction; and (2) the calculation

20 of his offender score. (*Id*. and Dkt. 8.) The Department of Corrections responded in state court

21 by asserting that petitioner was ineligible for the good time off reduction and that RCW 10.73.090

22 barred his offender score challenge. (Dkt. 19, Ex. 4.) In August 2005, the Washington Court of

01  Appeals stayed petitioner's petition pending resolution of another case in which that court was

02  considering a similar early release credit claim. (*Id*., Ex. 5.) The court made no mention of

03  petitioner's offender score claim.

04  Respondent notes that petitioner's personal restraint petition remains stayed in the

05  Washington Court of Appeals. Respondent argues that this habeas petition should nonetheless

06  be denied with prejudice given that petitioner's first claim is a Washington State statutory claim

07  and does not present a federal constitutional issue, and because his second claim is procedurally

08  barred by RCW 10.73.090.

09  However, at this point, there is no state court ruling on either of petitioner's claims.

10  Accordingly, the Court finds both petitioner's petition and respondent's arguments premature. For

11  this reason, petitioner's habeas petition should be denied and this action dismissed without

12  prejudice. A proposed Order of Dismissal Without Prejudice accompanies this Report and

13  Recommendation.

14  DATED this <u>24th</u> day of April, 2006.

         Mary Alice Theiler
         United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3